# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE CREEDON, | CASE NO. 1:07-cv-01354-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER |
| v. | |
| CENTRAL CALIFORNIA WOMEN'S FACILITY, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Leanne Creedon ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2008, the court issued an order dismissing plaintiff's complaint for failure to state a claim, and requiring plaintiff to file an amended complaint within thirty days from the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
7  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
8  rules, the court must consider several factors: (1) the public's interest in expeditious resolution of
9  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
10 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
11 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
12 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

13      In the instant case, the court finds that the public's interest in expeditiously resolving this
14 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
15 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
16 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air
17 West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
18 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
19 Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal
20 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
21 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order dismissing plaintiff's
22 complaint with leave to amend expressly stated: "If Plaintiff fails to file an amended complaint, the
23 Court will recommend that this action be dismissed, with prejudice, for failure to state a claim."
24 Thus, plaintiff had adequate warning that dismissal would result from her noncompliance with the
25 court's order.

26      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with
27 prejudice, based on plaintiff's failure to state a claim, and for failure to obey the court's order of May
28 7, 2008.

1     These Findings and Recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3 **days** after being served with these Findings and Recommendations, plaintiff may file written
4 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7 1153 (9th Cir. 1991).

9     IT IS SO ORDERED.
10    Dated:   **June 23, 2008**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE